IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 3:22-cv-00570 |
| v. | ) |
| BENJAMIN GREEN III;<br>BIANCA BURGESS;<br>STATE TAX COLLECTION AGENCY;<br>5AIF NUTMEG, LLC; and<br>TOWN OF STRATFORD, | ) |
| Defendants. | ) |

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to (1) reduce to judgment unpaid federal tax liabilities owed by Benjamin Green III and (2) enforce federal tax liens arising out of those unpaid liabilities against certain real property. For its complaint, the United States alleges as follows:

### JURISDICTION, PARTIES, AND PROPERTY

1. The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403 and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The defendant Benjamin Green III resides in Stratford, Connecticut, within the jurisdiction of this Court.

3. The defendant Bianca Burgess resides in Stratford, Connecticut, within the jurisdiction of this Court. She is joined as a party because she may claim an interest in the property described below.

4. The defendant State Tax Collection Agency is a corporation headquartered within the jurisdiction of this Court. It is joined as a party because it may claim an interest in the property described below.

5. The defendant 5AIF Nutmeg, LLC, is a is a Delaware Limited Liability Company with its principal place of business in Irvine, California. On information and belief, 5AIF Nutmeg, LLC, conducts business in the state of Connecticut and is thus subject to the jurisdiction of this Court. It is joined as a party because it may claim an interest in the property described below.

6. The defendant Town of Stratford is joined as a party because, as the local taxing authority, it may have a lien or claim an interest in the property described below and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

8. The real property upon which the United States seeks to enforce its tax liens (the "Real Property") is located at 40-50 Corinthian Avenue, Stratford, Connecticut, formerly known as No. 114 Hamilton Avenue a/k/a Hamilton Place, and has a legal description as follows:

NORTHERLY: On land now or formerly of Jessie Tyler and Ophelia Tyler and Ophelia M. Tyler, 105 feet;

EASTERLY: On land now or formerly of Winifred Bones, 76 feet;

SOUTHERLY: By land now or formerly of Zalmon Goodsell, 116 feet;

WESTERLY: By Hamilton Avenue a/k/a Hamilton Place, 75 feet.

Being the Southerly portion or premises conveyed to Charles V. Framularo by John P. Chiota, Executor, by deed dated August 11, 1965 and recorded in Volume 416, Page 581 of the Stratford Land Records.

Meaning to describe the property conveyed to Bianca Burgess, by warranty deed of Benjamin Green III, dated March 7, 2019, and recorded with the Stratford Town Clerk as Rec. # 20202308, at Book 4360, Page 184, on March 25, 2020.

## FACTUAL BACKGROUND

9. By warranty deed dated February 7, 1996, Meritor Credit Corporation transferred the Real Property to Benjamin Green III. The warranty deed was recorded with the Stratford Town Clerk at Book 1199, Page 219, on April 30, 1996.

10. On or about March 13, 2009, Benjamin Green III electronically filed a joint income tax return for tax year 2008 that, as part of a fraudulent "Original Issue Discount" (or "OID") scheme, asserted interest income in the amount of $920,063 and related federal tax withholding in the amount of $919,142 (in addition to wage withholding), as well as $313,121 in tax, which resulted in the issuance of a refund in the amount of $616,434. The refund was paid out in three separate wire transfers, one in the amount of $32,000 which was eventually frozen and reversed once IRS realized the return was fraudulent.

11. On or about April 16, 2009, the Internal Revenue Service responded to the OID scheme on the 2008 return by making a "prompt assessment" of tax in the amount of $919,142 (the amount of false federal withholding claimed) and sending a notice to Benjamin Green III informing him of the tax owed.

12. On May 15, 2009, Benjamin Green transferred title to the Real Property to an entity called "Son of My Right Hand" for the consideration of $10 "and other valuable considerations," by quitclaim deed recorded with the Stratford Town Clerk at Book 3297, Page 3, on June 29, 2009.

13. On September 6, 2012, a Grand Jury convened in the District of Connecticut indicted Benjamin Green III with one count of false, fictitious, or fraudulent claims against the United States, based on the OID refund scheme, and one count of attempt to interfere with the administration of the internal revenue laws, including by transferring the Real Property. Indictment, *United States v. Green*, Criminal Case No. 3:12-cr-00193 (D. Conn.), Doc. No. 1.

14. A jury found Benjamin Green III guilty on both counts on November 12, 2013. Criminal Verdict Form, No. 3:12-cr-00193, Doc. No. 160. The court sentenced him to 51 months imprisonment and 3 years of supervised release and ordered $582,074.50 in restitution. No. 3:12-cr-00193, Doc. No. 203.

15. "Kimberly Green of Son of My Right Hand" transferred back to Benjamin Green III title to the Real Property for the consideration of $10 "and other good and valuable consideration," by quitclaim deed dated June 19, 2015, and recorded with the Stratford Town Clerk at Book 3883, Page 249, on June 19, 2015.

16. Less than a week after the transfer of the property back to Benjamin Green III, he filed for bankruptcy. This was the first of three bankruptcy cases he filed between 2015 and 2018 in the Bankruptcy Court for the District of Connecticut. The first, Case No. 5:15-bk-50853, was filed on June 24, 2015, and dismissed on April 14, 2016. The second, Case No. 5:17-bk-51485, was filed on December 8, 2017, and dismissed on April 6, 2018. The third, Case No. 5:18-bk-50996, was filed on August 2, 2018, and dismissed on March 7, 2019. As a repeat filer, in the third case he moved to extend the automatic stay, and the court granted the motion to extend the stay until the case was dismissed. (*See* Doc. Nos. 15 & 20 in the case.)

17. From March 2011 to April 2019, State Tax Collection Agency litigated an action in Connecticut Superior Court, Bridgeport Judicial District, Docket No. FBT-CV11-6017150-S,

seeking to foreclose on the Real Property for unpaid real estate taxes based on a lien it had acquired from the Town of Stratford. The Department of the Treasury Internal Revenue Service was named as a defendant in that action and the United States Attorney's Office entered an appearance for the United States. The court ordered a foreclosure by sale multiple times, but a sale never occurred. The taxes under the lien were ultimately satisfied. The court charged costs arising from a committee appointed by the court, pursuant to Conn. Gen. Stat. § 49-25, to conduct a foreclosure sale to the plaintiff State Tax Collection Agency, and then the court taxed those costs to defendants Son of My Right Hand and Benjamin Green III.

18. In connection with the proceeding described in the preceding paragraph, after the underlying tax lien was satisfied, the Connecticut Superior Court certified a judgment lien in favor of State Tax Collection Agency in the amount of $19,508.72 against Benjamin Green III and upon the Real Property on December 19, 2019, which stemmed from State Tax Collection Agency's payment of the committee costs described in Paragraph 17, above. The judgment lien was recorded with the Stratford Town Clerk at Book 4336, Page 329, on December 23, 2019.

19. Benjamin Green III transferred title to the Real Property to Bianca Burgess for the consideration of $300,000 "and/or other valuable consideration" by a quitclaim deed dated March 7, 2019. The quitclaim deed was recorded by the Stratford Town Clerk at Book 4360, Page 184, on March 25, 2020.

20. On information and belief, as part of the transfer of the Real Property to defendant Bianca Burgess described in Paragraph 19 above, Ms. Burgess obtained a mortgage from 5 Arch Funding Corp dated March 7, 2019, which was subsequently assigned to defendant 5AIF Nutmeg, LLC. On information and belief part of the loan proceeds was used to satisfy the local

tax lien acquired by State Collection Tax Agency, but did not pay the costs that then became the basis for the judgment indicated in paragraph 18 above.

21. The United States of America and State Tax Collection Agency have entered into an agreement through which the judgment lien of State Tax Collection Agency described in paragraph 18 above will be satisfied by receiving from the proceeds of a sale in the present action the amount of $19,508.72 (with no interest), prior to any distribution toward satisfaction of the federal tax liens.

## COUNT ONE
### (Claim Against Benjamin Green III to Reduce Income Tax Liabilities to Judgment)

22. A delegate of the Secretary of the Treasury made assessments against Benjamin Green III for income taxes and penalties for frivolous tax submissions (26 U.S.C. § 6702) for the periods, on the dates, and in the amounts described below.  These liabilities have balances due as of October 31, 2021, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651 or penalties for failure to make estimate tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 10/31/2021 |
|---|---|---|---|---|
| 12/31/2007 | 02/08/2010 | § 6702 penalty | $5,000.00 | $3,182.05 |
| 12/31/2008 | 04/16/2009 | Tax | $919,142.00 | $1,510,888.54 |
| 12/31/2009 | 05/16/2016 | Tax | $14,861.68 | $21,450.32 |
| 12/31/2010 | 02/22/2016 | Tax | $15,521.00 | $24,684.55 |
| 12/31/2011 | 02/29/2016 | Tax | $17,282.00 | $24,375.36 |
| 12/31/2012 | 12/07/2015 | Tax | $19,293.00 | $25,020.97 |
| 12/31/2013 | 12/07/2015 | Tax | $20,872.00 | $25,356.71 |
| 12/31/2014 | 12/07/2015 | Tax | $638.00 | $399.57 |
| **Total** | | | | **$1,635,358.07** |

23. Notice of the liabilities described in paragraph 21 was given to, and payment demanded from, Benjamin Green III.

24. Despite proper notice and demand, Benjamin Green III failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, he remains liable to the United States in the amount of $1,635,358.07, plus statutory additions and interest accruing from and after October 31, 2021.

25. Although a proceeding in court must generally be commenced within ten years after the assessment of a tax, this action has been timely commenced under 26 U.S.C. § 6502 because the statute of limitations was tolled pursuant to 26 U.S.C. § 6503(h) for the periods during which the bankruptcy stay (in the three cases identified in paragraph 16) prohibited collection and 6 months thereafter (except that the tolling that began with the filing of Case No. 5:18-bk-50996 ran concurrently, rather than consecutively, with the 6-month tolling period following the dismissal of Case No. 5:17-bk-51485).

## COUNT TWO
### (Claim Against All Parties to Enforce Federal Tax Liens Against Real Property)

26. The United States incorporates by reference paragraphs 22 through 25 as if specifically realleged herein.

27. Benjamin Green III obtained title to the Real Property by the deeds described in paragraphs 9 and 15 above.

28. Because Benjamin Green III neglected, refused, or failed to pay the liabilities described in paragraph 22 after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to the Real Property.

29. Notices of Federal Tax Lien ("NFTLs") were filed with the Stratford Town Clerk in accordance with 26 U.S.C. § 6323(f) as follows:

| Person/Entity Filed Against | Type of Tax | Tax Periods Ending | Date NFTL Filed |
|---|---|---|---|
| Benjamin Green III ("BGIII") | Income | 12/31/2008 | 05/18/2009 (refiled 05/29/2018) |
| Son of My Right Hand as Alter Ego or Transferee of Benjamin Green III | Income | 12/31/2008 | 08/13/2009 (refiled 05/29/2018) |
| Benjamin Green III | Income | 12/31/2009; 12/31/2010; 12/31/2011; 12/31/2012; 12/31/2013; 12/31/2014 | 04/16/2018 |
| Benjamin Green III | § 6702 penalty | 12/31/2007 | 10/26/2019 (refiled 12/30/2019) |
| Bianca Burgess as Transferee of Benjamin Green III | Income & § 6702 penalty (2007 only) | 12/31/2007; 12/31/2009; 12/31/2010; 12/31/2011; 12/31/2012; 12/31/2013; 12/31/2014 | 09/20/2021 |
| Bianca Burgess as Transferee of Benjamin Green III | Income | 12/31/2008 | 01/31/2022 |

30. Son of My Right Hand held legal title to the Real Property for the benefit of Benjamin Green III and was the nominee and/or alter ego of Benjamin Green III; and, as Son of My Right Hand was not a "purchaser" within the meaning of 26 U.S.C. § 6323(a), the transfer of the Real Property to it was subject to the federal tax liens.

31. Upon the transfer of the Real Property from Son of My Right Hand back to Benjamin Green III, as described in Paragraph 15 above, the federal tax liens against Benjamin Green III continued to encumber the Real Property or, alternatively, re-attached thereto.

32. Bianca Burgess took title to the Real Property subject to the tax liens described above, notice of which was filed prior to the property's transfer to her.

33. As notice of most of the federal tax liens was properly filed with the Stratford Town Clerk prior to Ms. Burgess obtaining the mortgage (and thus prior to the mortgage being

recorded), the federal tax liens that were earlier filed have priority over defendant 5AIF Nutmeg's mortgage.

34. The United States is entitled to enforce the federal tax liens described in paragraph 28 against the Real Property pursuant to 26 U.S.C. § 7403 and to have the entire Real Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all claims, liens, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed:   first, to pay the costs of sale, including any expenses incurred to secure and maintain the Real Property; second, to the Town of Stratford, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to State Tax Collection Agency, in the amount of $19,508.72 (with no interest), pursuant to the agreement described in paragraph 21; fourth, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has a superior right, title, or interest.

WHEREFORE, the plaintiff United States of America requests the following relief:

A. Judgment against the defendant Benjamin Green III for income tax liabilities for the periods ending December 31 for each of the years 2008 through 2014 and a § 6702 penalty for period ending December 31, 2007, in the amount of $1,635,358.07, plus statutory additions and interest accruing from and after October 31, 2021, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B. A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in paragraph A on the Real Property;

C. An order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the Real Property by ordering the sale of the entire Real Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed:   first, to pay the costs of sale, including any expenses incurred to secure and maintain the Real Property; second, to the Town of Stratford, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to State Tax Collection Agency, in the amount of $19,508.72 (with no interest); fourth, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has a superior right, title, or interest; and

D. The United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Ryan D. Galisewski*
RYAN D. GALISEWSKI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.   20044-0055
Tel: 202-305-3719 / Fax: 202-514-5238
Ryan.D.Galisewski@usdoj.gov

Of Counsel:

JULIE G. TURBERT
Assistant United States Attorney